**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| SAFELITE GROUP, INC. and <br> SAFELITE FULFILLMENT, INC. <br><br> Plaintiffs, <br><br> v. <br><br> SAFELIFE AUTO GLASS LLC and <br> OBED ALARQAN, <br><br> Defendants. | : <br> : <br> : Case No.: <br> : <br> : <br> : <br> : <br> : <br> : <br> : <br> : <br> : |

## COMPLAINT

Plaintiff Safelite Group, Inc. and Plaintiff Safelite Fulfillment, Inc. (collectively, "Safelite"), for their Complaint against Defendant Safelife Auto Glass LLC and Defendant Obed Alarqan, allege as follows:

## PARTIES

1. Plaintiff Safelite Group, Inc. is a Delaware corporation with its principal place of business located at 7400 Safelite Way, Columbus, Ohio, 43235.

2. Plaintiff Safelite Fulfillment, Inc. is a Delaware corporation with its principal place of business located at 7400 Safelite Way, Columbus, Ohio, 43235.

3. Upon information and belief, Defendant Safelife Auto Glass LLC ("Safelife") is a Wisconsin limited liability company with its principal place of business located at 185 W. Rainbow Ridge Dr., Oak Creek, Wisconsin, 53154-2962.

4. Upon information and belief, Defendant Obed Alarqan ("Defendant Alarqan") is an individual and resident of Wisconsin who resides at 185 W. Rainbow Ridge Dr., Oak Creek, Wisconsin, 53154-2962. Upon information and belief, Defendant Alarqan owns and controls Defendant Safelife.

## JURISDICTION AND VENUE

5. This action arises under §§ 1114(1), 1125(a), and 1125(d) of the Lanham Act, 815 ILCS 510/2, and other statutes and common laws of the State of Illinois.

6. This Court has jurisdiction over this action pursuant to 15 U.S.C. § 1121 and 28 U.S.C. §§ 1331, 1338 and 1367.

7. Additionally, this Court has jurisdiction pursuant to 28 U.S.C. § 1332 because Safelite and Defendants are citizens of different states and the amount in controversy exceeds $75,000, exclusive of interest and costs.

8. This Court has personal jurisdiction over Defendants because they routinely transact business in, and have caused substantial injury to Safelite within, the State of Illinois. Additionally, many of the actions complained of herein took place within the State of Illinois and this judicial district.

9. Venue is proper within this district pursuant to 28 U.S.C. § 1391(b), as both Safelite and Defendants target consumers in this judicial district and division.

## FACTS

### Safelite's Trademarks and Business in Illinois

10. Plaintiff Safelite Group, Inc. is multi-faceted vehicle-glass organization that has been in business since 1947, serving nearly four million customers a year nationwide.

11. Plaintiff Safelite Fulfillment, Inc. is a subsidiary of Safelite Group, Inc. Plaintiff Safelite Fulfillment, Inc. provides auto-glass repair, replacement, and recalibration services at retail locations and via mobile units across the United States, including throughout Illinois and this judicial district.

12. Safelite operates twenty-six retail business locations in Illinois, including one

location in Chicago and several other locations in Chicago's surrounding suburbs. Safelite serves approximately 100,000 customers in Illinois each year.

13. Safelite owns valid and subsisting federal trademark registrations issued by the United States Patent and Trademark Office for the SAFELITE®, SAFELITE AUTO GLASS®, *Safelite*® and *Safelite AutoGlass*® marks (collectively, "the SAFELITE® Marks"). *See* Exhibits 1-5 (U.S. Trademark Registration Nos. 2242375, 2362327, 2512458, 6618144, and 2703017).

14. The SAFELITE® Marks are registered in Class 35 for use in connection with "retail store services featuring automobile glass products" and in Class 37 for use in connection with "installation of glass in automotive type vehicles, namely, automobiles and trucks."

15. The SAFELITE® Marks are incontestable pursuant to 15 U.S.C. § 1065.

16. Safelite has used the SAFELITE® Marks nationwide, including in Illinois, for approximately fifty years.

17. Safelite enjoys a valuable reputation and goodwill among consumers as a provider of high-quality auto glass and auto-glass repair and replacement services. The SAFELITE® Marks have come to be recognized and associated by consumers exclusively with the high-quality auto-glass products and services provided by Safelite. Safelite's products and services are widely sought by consumers around the nation and in Illinois because of their excellent reputation.

18. The SAFELITE® Marks are a valuable business and marketing asset to Safelite and indicate to consumers the high-quality goods and services originating only from Safelite. Safelite has expended substantial time, effort, and money in advertising, promoting, and marketing goods and services with the SAFELITE® Marks throughout the United States and in Illinois for the past several decades. As a result, the SAFELITE® Marks have become famous.

**Defendant Alarqan Surreptitiously Starts "Safelife Auto Glass"
While Working for Safelite**

19. Defendant Alarqan is a former Safelite employee. Defendant Alarqan worked for Safelite for almost ten years. According to Defendant Alarqan's LinkedIn page, Defendant Alarqan worked for Safelite as an Assistant Store Manager from 2013 to 2016 and then as a Team Lead from 2016 to 2023. *See* Exhibit 6.

20. On or about February 22, 2023, while working for Safelite as a Team Lead, Defendant Alarqan formed and registered the Defendant limited liability company, "Safelife Auto Glass LLC," with the Wisconsin Secretary of State. *See* Exhibit 7.

21. On March 6, 2023, also while an employee of Safelite, Defendant Alarqan registered the domain name www.sl-autoglass.com. *See* Exhibit 8.

22. On information belief, Defendant Alarqan has personally directed Defendant Safelife's business decisions, branding and marketing strategy, and commercial operations.

23. Defendants Alarqan and Safelife solicited and serviced customers in the Greater Chicago Area and elsewhere using the infringing Safelife and Safelife AutoGlass marks:



And:



24. Upon information and belief, in order to deceive consumers into believing that Defendant Alarqan's business was Safelite, or was affiliated with Safelite, Defendant Alarqan created a company and brand that are virtually identical to Safelite's.

25. Among other things, Defendants (i) chose and use the name "Safelife Auto Glass," which is virtually identical to, and easily confused with, the SAFELITE® Marks, especially SAFELITE AUTO GLASS®; (ii) chose and use black and red colors for Defendant Safelife's logo, website design, business cards, and service trucks, (iii) regularly combine "auto" and "glass" into the single, hybrid word "autoglass," capitalizing the "a" and "g" exactly like Safelite does in its logos and advertising, and (iv) did not include any disclaimers on Defendants' website or any other marketing or business materials even to attempt to differentiate them from Safelite. The willful nature of Defendants' copying is self-evident:



Safelite's Website



Defendant Safelife's Website



Safelite's Business Card



Defendant Safelife's Business Card



Safelite's Service Truck



Defendant Safelife's Service Truck

7

*See* Exhibits 9-10.

26. Among other things, Safelite provides mobile glass installation services to its customers. Specifically, Safelite will replace customers' windshields by traveling to locations of the customers' choosing.

27. Upon information and belief, Defendant Safelife's installers provide service to customers through Defendant Safelife's mobile service; that is, Defendant Safelife's technicians and glass installers drive to the location of the customer's vehicle to perform glass repair or replacement work, just like Safelite does.

28. Upon information and belief, Defendants intentionally chose to copy and trade off Safelite's well-respected and nationally recognized brand.

29. Customers are likely to be, and likely have been, confused by the similarity of one or more of the following: the names "Safelite" and "Safelife"; the names "Safelite Auto Glass" and "Safelife Auto Glass"; the aforementioned words combined with red and black coloring; and the coloring and design of Defendant Safelife's website, business cards, and service trucks, in light of Safelite's website, business cards, and service trucks when all are used in connection with the offering of identical services provided to the identical consumer demographic in the same geographical areas.

30. Defendants' actions have caused, and are causing, Safelite to suffer irreparable harm (including loss of goodwill and brand control), lost sales (including in Illinois and elsewhere), and a blurring and tarnishment of the famous SAFELITE® Marks.

## COUNT I
## Trademark Infringement
## (15 U.S.C. § 1114)

31. Safelite incorporates by reference the allegations contained in each of the paragraphs above as if fully set forth here.

32. Defendants' use of the "Safelife" and "Safelife Auto Glass" names as alleged herein is likely to cause confusion, to cause mistake, or to deceive consumers as to the source or origin of Defendants' goods and services.

33. Defendants' aforesaid acts constitute infringement of Safelite's registered trademarks in violation of the trademark laws of the United States, including 15 U.S.C. § 1114.

34. The foregoing acts of infringement have been and continue to be deliberate, willful, and wanton, making this an exceptional case within the meaning of 15 U.S.C. § 1117.

35. As a result of the aforesaid acts by Defendants, Safelite has been severely injured in its business and property. Safelite has suffered damages, including lost profits, in an amount to be determined at trial.

36. Upon information and belief, Defendants have generated revenues and profits as a result of their aforesaid acts.

37. The injury to Safelite is and continues to be irreparable.

38. An award of monetary damages alone cannot fully compensate Safelite for its injuries and Safelite lacks an adequate remedy at law.

## COUNT II
## Unfair Competition
## (15 U.S.C. § 1125(a))

39. Safelite incorporates by reference the allegations contained in each of the paragraphs above as if fully set forth here.

40. Defendant's use of Safelite's trademarks as alleged herein constitutes unfair competition, false representation, and false designation of origin upon and in connection with Defendants' goods and services, and thus violates 15 U.S.C. § 1125(a).

41. Specifically, Defendants advertised and offered services using—and continue to advertise and offer services using—names and marks that are confusingly similar to the SAFELITE® Marks.

42. Upon information and belief, Defendants advertised and offered services under "Safelife Auto Glass" so as to trade upon the goodwill that Safelite has developed in the SAFELITE® Marks.

43. Defendants have suggested an association, affiliation, or sponsorship with, or approval by, Safelite so as to cause, or to be likely to cause, confusion or mistake, or to deceive consumers, as to the origin of Defendants' goods and services. Such use constitutes an effort to pass off Defendants' goods and services as originating from, or being approved by or affiliated with, Safelite, all for the purpose of benefitting Defendants based on the goodwill associated with the SAFELITE® Marks.

44. Defendants' conduct has been willful and carried out in bad faith, as Defendants were well aware of the SAFELITE® Marks, services, and customers prior to Defendants' offering of competing services under the unauthorized and infringing marks.

45. Upon information and belief, Defendants have generated revenues and profits as a result of their aforesaid unfair and deceptive acts.

46. As a result of the aforesaid unfair and deceptive acts by Defendants, Safelite has been severely injured in its business and property.

47. The injury to Safelite is and continues to be irreparable. An award of monetary damages alone cannot fully compensate Safelite for its injuries and Safelite lacks an adequate remedy at law.

## COUNT III
### Trademark Dilution
**(15 U.S.C. § 1125(c))**

48. Safelite incorporates by reference the allegations contained in each of the paragraphs above as if fully set forth here.

49. Safelite's SAFELITE®, SAFELITE AUTO GLASS®, and SAFELITE AUTOGLASS® trademarks are famous. Through hundreds of millions of dollars in sales, extensive nationwide advertising, and half a century of commercial success, these marks have become household names throughout the nation.

50. Defendants knowingly advertised and sold services to consumers for a profit under the "Safelife" and "Safelife Auto Glass" names, which are virtually identical to the SAFELITE® Marks.

51. Upon information and belief, Defendants' services did not, and do not, conform to the same nature and quality controls and standards as Safelite's services.

52. Defendants' use of marks that are nearly identical to the SAFELITE® Marks to advertise and sell Defendants' aforementioned services influenced customers to purchase the services Defendants sold.

53. The similarity of Defendants' "Safelife Auto Glass" name (also displayed as "Safelife AutoGlass") to the SAFELITE® Marks creates an association between Defendants' "Safelife Auto Glass" name and the SAFELITE® Marks in the minds of consumers that impairs the distinctiveness of the SAFELITE® Marks.

54. Defendants' use of Safelite's trademarks has caused and is likely to cause dilution, including blurring and tarnishment in violation of 15 U.S.C. § 1125(c)(1), of the distinctive quality and quality-inducing association of Safelite's famous trademark.

55. The foregoing acts of dilution resulted, and continue to result, from Defendants' willful intent to trade upon Safelite's reputation, making this an exceptional case within the meaning of 15 U.S.C. § 1125(c)(2) and entitling Safelite to the remedies set forth in 15 U.S.C. § 1117.

56. Upon information and belief, Defendants have generated revenues and profits as a result of their aforesaid acts.

57. As a result of the aforesaid acts by Defendants, Safelite has been severely injured in its business and property.

58. The injury to Safelite is and continues to be irreparable.

59. An award of monetary damages alone cannot fully compensate Safelite for its injuries and Safelite lacks an adequate remedy at law.

## COUNT IV
### Violation of Anti-Cybersquatting Consumer Protection Act
### (15 U.S.C. § 1125(d))

60. The domain name www.sl-autoglass.com is confusingly similar to, and dilutive of, Safelite's registered SAFELITE AUTO GLASS® and SAFELITE AUTOGLASS® marks, particularly in light of the fact that Defendant registered the domain name with the intention of hosting a website for the company "Safelife Auto Glass" and then used the domain name to host a website for "Safelife Auto Glass," which sells services that complete directly with Safelite's services.

61. Without authorization, Defendants registered, and today still use, the www.sl-autoglass.com domain name to advertise and promote auto-glass repair and other related services under the "Safelife" and "Safelife Auto Glass" name.

62. Safelite's quality controls influence customers to purchase the services Defendants offer because customers mistakenly believe that Defendants' services are related to or approved by Safelite when they are not.

63. Defendants, having full knowledge of the SAFELITE® Marks, nonetheless registered, used, and continue to use the domain name www.sl-autoglass.com with the bad-faith intent to profit from the SAFELITE® Marks.

64. As a result of Defendants' cybersquatting, Safelite has been significantly damaged.

## COUNT V
## Violation of the Illinois Uniform Deceptive Trade Practice Act
### (815 ILCS 510/2)

65. Safelite incorporates by reference the allegations contained in each of the paragraphs above as if fully set forth here.

66. Through the acts set forth herein, Defendants have engaged in deceptive trade practices under applicable Illinois law by, among other things, (i) passing off Defendants' services as those of Safelite; (ii) causing a likelihood of confusion or of misunderstanding as to the source, sponsorship, or approval of Defendants' services; (iii) causing a likelihood of confusion or of misunderstanding as to the affiliation, connection, or association of Defendants or Defendants' services with Safelite or Safelite's services; and (iv) engaging in other conduct that similarly creates a likelihood of confusion or of misunderstanding in the eyes of the public under 815 ILCS 510/2(1)-(3).

67. Defendants' deceptive trade practices are causing and are likely to cause substantial injury to the public and to Safelite.

68. Defendants' aforementioned unfair, abusive, and/or deceptive acts, omissions, and/or practices were made in the course of Defendants' business, vocation, or occupation within the meaning of 815 ILCS 510/2.

69. Defendants' aforementioned unfair, abusive, and/or deceptive acts, omissions, and/or practices were willful.

70. Upon information and belief, Defendants have generated revenues and profits as a result of their aforesaid acts.

71. Upon information and belief, Defendants' conduct has also significantly impacted the public, including actual and prospective consumers of Safelite's services.

72. Safelite has suffered, and continues to suffer, irreparable harm as a result of Defendants' infringing conduct. A permanent injunction is necessary to prevent confusion or misunderstanding as to source going forward.

## COUNT VI
### Unfair Competition
### (Illinois Common Law)

73. Safelite incorporates by reference the allegations contained in each of the paragraphs above as if fully set forth here.

74. Defendants' conduct has caused and is likely to cause confusion, mistake, or deception as to the source or origin of Defendants' products and services, or the affiliation, sponsorship, or other relationship between Safelite and Defendants in violation of Illinois common law.

75. Defendants' conduct was willful and carried out in bad faith.

76. Defendants' conduct constitutes unfair competition in that Defendants attempted to copy and trade on the reputation and goodwill that Safelite has developed in its marks.

77. Upon information and belief, Defendants have generated revenues and profits as a result of their aforesaid acts.

78. Defendants' conduct has caused Safelite to suffer damages, including lost profits, in an amount to be determined at trial.

79. Defendants' conduct has caused Safelite irreparable harm and injury and will continue to do so unless enjoined by this Court.

## **PRAYER FOR RELIEF**

WHEREFORE, Safelite prays:

1. That Defendants and their officers, directors, agents, representatives, attorneys, and all persons acting or claiming to act on their behalf or under their direction or authority, and all persons acting in concert or in participation with Defendants, be permanently enjoined from:

(a) using any of the SAFELITE® Marks, including Safelite®, Safelite Auto Glass® and/or Safelite AutoGlass®, or any other trademark that is a colorable imitation of or is confusingly similar in any manner to such trademarks (including but not limited to "Safelife" and "Safelife Auto Glass"), on or in connection with the sale, offering for sale, advertisement, or promotion of any goods or services not originating from Safelite;

(b) representing in any manner or by any method or implication whatsoever that any business conducted by Defendants is connected, affiliated, or otherwise associated with Safelite, or from otherwise taking any action likely to cause confusion, mistake, or deception on the part of the public as to the connection, affiliation, or other association of Defendants' businesses with Safelite;

    (c) representing in any manner or by any method whatsoever that goods and services not sponsored, approved, or authorized by, or originating from, Safelite but provided by Defendants are sponsored, approved, or authorized by or originate with Safelite, or from otherwise taking any action that is likely to cause confusion, mistake, or deception of the public as to the origin, approval, sponsorship, or certification of Defendants' goods and services by Safelite;

  2. That Safelite be awarded all the profits Defendants gained, and all the profits that Safelite lost, as a result of Defendants' actions complained of herein;

  3. That Safelite be awarded damages for injury to its business reputation and the loss of its goodwill as a result of Defendants' engagement in infringing and deceptive practices, and by Defendants' offer to sell, and sales of, goods and services that Defendants misrepresented or implied came from or were approved by Safelite;

  4. Pursuant to 15 U.S.C. § 1117(b), that Safelite recover an amount equal to three times Defendants' profits or Safelite's damages, whichever amount is greater, together with Safelite's reasonable attorneys' fees under 15 U.S.C. § 1117(a) because Defendants intentionally used their "Safelife" and "Safelife Auto Glass" designations in connection with auto-glass repair services, knowing that their designations were counterfeits of Safelite's SAFELITE® and SAFELITE AUTO GLASS® marks

  5. That Defendants be ordered to pay money for Safelite to secure corrective advertising to remedy the consumer confusion that Defendants caused;

  6. That the Court order the immediate transfer of the domain name [www.sl-autoglass.com](www.sl-autoglass.com) to Plaintiff;

7. Statutory damages of $100,000 pursuant to 15 U.S.C. § 1117(d) for Defendant's violation of 15 U.S.C. § 1125(d)(1);

6. That Safelite be awarded its attorneys' fees and costs as provided by the statutory authorities referenced above, or as may be recoverable under common law;

7. That Safelite be awarded pre- and post-judgment interest, as may be recoverable under statute or common law;

8. That Defendants be found to be jointly and severally liable for any and all awards of damages, attorneys' fees, and/or costs;

9. That Defendants be required to report to the Court within thirty (30) days after the entry of injunctive relief and explain how Defendants have taken corrective action and have fully complied with the Court's order; and

10. That Safelite be awarded such other and further relief as the Court may deem just, proper, and equitable.

Dated: March 25, 2025	Respectfully submitted,

**SAFELITE GROUP, INC.**
**SAFELITE FULFILLMENT, INC.**

/s/ Alice A. Kelly
Alice A. Kelly (IL Reg. No. 6281897)
Ice Miller LLP
200 West Madison Street, Suite 3500
Chicago, IL 60606
Telephone: 312-726-1567
Email: alice.kelly@icemiller.com
T. Earl LeVere (OH Reg. No. 0063515)
Ice Miller LLP, 250 West Street
Columbus, OH 43215
Telephone: 614-462-1095
E-Mail: earl.levere@icemiller.com

*Attorneys for Safelite Group, Inc. and Safelite Fulfillment, Inc.*